IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**GURPAL SINGH**,

    Plaintiff,

v.

**GURPAL SINGH**,

    Defendant.

Case No. 3:15-cv-2382-SI

**OPINION AND ORDER**

**Michael H. Simon, District Judge.**

    Plaintiff Gurpal Singh ("Singh") filed a *pro se* Complaint against, apparently, himself. Dkt. 2. Service of process has not yet occurred. Singh filed an application with the court to proceed *in forma pauperis*, Dkt. 1, and the Court grants Singh's application to proceed *in forma pauperis*. Singh also filed a motion for appointment of pro bono counsel. Dkt. 3.

    Singh's Complaint states that this case is brought under federal question jurisdiction and diversity jurisdiction. The Complaint, however, fails to raise an issue governed by a federal statute or treaty or the United States Constitution, and also fails to show that it is an action between diverse parties seeking damages greater than $75,000. Accordingly, for the reasons discussed below, the Court dismisses this case for lack of subject-matter jurisdiction, with leave to replead properly to allege jurisdiction, if appropriate, and denies Plaintiff's motion for

PAGE 1 – OPINION AND ORDER

appointment of *pro bono* counsel. The Court also dismisses this case for failure to state a claim upon which relief may be granted.

## STANDARDS

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unlike state courts, which are courts of general jurisdiction, federal courts may only exercise jurisdiction in certain kinds of cases as authorized by the United States Constitution and Congress. *See id; United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (*en banc*). "It is to be presumed that a [complaint] lies outside this limited jurisdiction, . . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction," which in this case is Plaintiff. *Kokkonen*, 511 U.S. at 377 (internal citation omitted). The court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The court may therefore raise the question of subject-matter jurisdiction on its own initiative at any stage in the litigation. *Arbaugh*, 546 U.S. at 506. "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

A court must liberally construe the filings of a *pro se* plaintiff and afford the

PAGE 2 – OPINION AND ORDER

plaintiff the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). In addition, under Federal Rule of Civil Procedure 8(a)(1), every complaint must contain "a short and plain statement of the grounds for the court's jurisdiction . . . ."

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Jackson v. State of Arizona*, 885 F.2d 881, 882 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke*, 490 U.S. at 325; *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882 (9th Cir. 1991); *Jackson*, 885 F.2d at 640.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. It is improper to dismiss an action based on a defective allegation of jurisdiction without leave to amend "unless it is clear, upon *de novo* review, that the complaint could not be saved by amendment." *Snell v. Cleveland, Inc.,* 316 F.3d 822, 828 n.6 (9th Cir. 2002) (citing *Lee* v. *City of Los Angeles,* 250 F.3d 668, 692 (9th Cir. 2001)).

PAGE 3 – OPINION AND ORDER

## DISCUSSION

### A. Validity of the Complaint

Singh filed a Complaint that appears to list Singh as both Plaintiff and Defendant. In Section II.A of the Complaint, Singh checked the box for "Federal Question" and for "Diversity of Citizenship" as the basis for federal court jurisdiction. The Complaint does not contain a single factual allegation, assert any claim for relief, or seek any monetary or other form of relief. Besides listing Singh's name and address, checking the boxes for jurisdiction, and signing the line on which to list Plaintiff's state of citizenship, the Complaint is blank.

The two primary categories of civil cases over which the federal courts have jurisdiction are those based on federal law (federal question jurisdiction) and those involving citizens of different states where more than $75,000 is at issue (diversity jurisdiction). Although Singh indicates in Section II.A that both provide federal jurisdiction in this case, Singh fails to identify the specific federal Constitutional, statutory, or treaty right at issue in Section II.B of the Complaint. Because there are no allegations in the Complaint, even under the liberal standards for construing *pro se* complaints, the Court cannot ascertain any basis for federal question jurisdiction. Further, because it appears Singh is both Defendant and Plaintiff, it does not appear that diversity jurisdiction is available to Plaintiff. The Court thus dismisses the Complaint for lack of subject-matter jurisdiction.

Additionally, because there are no factual or legal assertions in the Complaint, the Complaint fails to state a claim upon which relief may be granted. Further, because it appears that Singh is both the defendant and the plaintiff, the Complaint fails to state a valid claim for relief. Civil cases in federal court are to obtain redress against wrongs committed by others, not a venue to sue oneself. The Court thus dismisses the Complaint under 28 U.S.C. § 1915(e)(2).

B.  Request for Appointment of *Pro Bono* Counsel

Singh moves for an appointment of *pro bono* counsel. Dkt. 3. Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). The Court has discretion, however, under 28 U.S.C. § 1915(e) to appoint volunteer counsel for indigent civil litigants in exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although this court may appoint volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

In determining whether exceptional circumstances exist, a court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Agyeman*, 390 F.3d at 1103. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986). In light of the deficiency in Singh's Complaint and this Court's dismissal for lack of subject-matter jurisdiction and failure to state a claim, at this time Singh appears to have a low likelihood of success on the merits. Accordingly, at this stage of the proceeding, the Court does not find the requisite exceptional circumstances that support the appointment of counsel under § 1915(e).

## CONCLUSION

The motion to proceed *in forma pauperis* (Dkt. 1) is granted. The Complaint (Dkt. 2) is DISMISSED. Singh may, if there are facts and claims that support federal jurisdiction and state a claim for relief, file an amended complaint. If Singh files an amended complaint, however, the amended complaint must specifically identify the federal statute, treaty, or Constitutional

provision that Singh alleges was violated, must identify a defendant against whom Singh is bringing claims, and must assert the factual and legal basis of any claims. Plaintiff has 14 days to replead and properly allege a cause of action. Plaintiff's motion for appointment of *pro bono* counsel (Dkt. 3) is DENIED.

**IT IS SO ORDERED.**

DATED this 23rd day of December, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge